1
2
3
4
5
6
7
8
9
10
11
12
13

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

DAVID B.,

                    Plaintiff,

    v.

ANDREW M. SAUL,
Commissioner of Social Security,

                  Defendant.

CASE NO. C19-6202-MAT

ORDER RE: SOCIAL SECURITY
DISABILITY APPEAL

14
15
16
17
18

      Plaintiff proceeds through counsel in his appeal of a final decision of the Commissioner of the Social Security Administration (Commissioner).  The Commissioner denied Plaintiff's application for Supplemental Security Income (SSI) after a hearing before an Administrative Law Judge (ALJ).  Having considered the ALJ's decision, the administrative record (AR), and all memoranda of record, this matter is AFFIRMED.

19

**FACTS AND PROCEDURAL HISTORY**

20
21

      Plaintiff was born on XXXX, 1967.[1]  He has a high school diploma, and has worked as a wood finisher and plastic rebuilder.  (AR 41, 53-54, 286.)

22
23

---

[1] Dates of birth must be redacted to the year. Fed. R. Civ. P. 5.2(a)(2) and LCR 5.2(a)(1).

ORDER RE: SOCIAL SECURITY
DISABILITY APPEAL
PAGE - 1

Plaintiff applied for SSI in February 2017.  (AR 266-71.)  That application was denied and Plaintiff timely requested a hearing. (AR 201-04, 208-13.)

On July 31, 2018, ALJ Gerald Hill held a hearing, taking testimony from Plaintiff and a vocational expert (VE).  (AR 106-41.)  On November 17, 2018, the ALJ issued a decision finding Plaintiff not disabled.  (AR 33-43.)  Plaintiff timely appealed.  The Appeals Council denied Plaintiff's request for review on October 16, 2019 (AR 1-6), making the ALJ's decision the final decision of the Commissioner.  Plaintiff appealed this final decision of the Commissioner to this Court.

## JURISDICTION

The Court has jurisdiction to review the ALJ's decision pursuant to 42 U.S.C. § 405(g).

## DISCUSSION

The Commissioner follows a five-step sequential evaluation process for determining whether a claimant is disabled.  *See* 20 C.F.R. §§ 404.1520, 416.920 (2000).  At step one, it must be determined whether the claimant is gainfully employed.  The ALJ found Plaintiff had not engaged in substantial gainful activity since the application date.  (AR 35.)  At step two, it must be determined whether a claimant suffers from a severe impairment.  The ALJ found severe Plaintiff's lumbar and cervical degenerative disc disease, fibromyalgia, post-traumatic stress disorder, major depressive disorder, avoidant personality disorder, and cannabis use disorder.  (AR 35.)  Step three asks whether a claimant's impairments meet or equal a listed impairment.  The ALJ found that Plaintiff's impairments did not meet or equal the criteria of a listed impairment.  (AR 35-37.)

If a claimant's impairments do not meet or equal a listing, the Commissioner must assess residual functional capacity (RFC) and determine at step four whether the claimant has

ORDER RE: SOCIAL SECURITY
DISABILITY APPEAL
PAGE - 2

demonstrated an inability to perform past relevant work.  The ALJ found Plaintiff capable of performing light work with additional limitations: he can lift/carry 20 pounds occasionally and 10 pounds frequently.  He can stand and walk for about six of eight hours, and sit for about six of eight hours.  He can occasionally climb, balance, stoop, kneel, crouch, and crawl.  He should avoid concentrated exposure to hazards such as moving machinery and unprotected heights.  He can perform simple, repetitive tasks of 1-3 steps.  He can tolerate occasional interaction with the public as well as incidental contact with co-workers in the context of routine labor with limited collaboration.  He should not do tandem tasks or teamwork.  (AR 37.)  With that assessment, the ALJ found Plaintiff unable to perform past relevant work.  (AR 41.)

If a claimant demonstrates an inability to perform past relevant work, the burden shifts to the Commissioner to demonstrate at step five that the claimant retains the capacity to make an adjustment to work that exists in significant levels in the national economy.  With the assistance of the VE, the ALJ found Plaintiff capable of transitioning to other representative occupations such as cleaner housekeeper, garment sorter, and binary machine feeder.  (AR 41-42.)

This Court's review of the ALJ's decision is limited to whether the decision is in accordance with the law and the findings supported by substantial evidence in the record as a whole.  *See Penny v. Sullivan*, 2 F.3d 953, 956 (9th Cir. 1993).  Substantial evidence means more than a scintilla, but less than a preponderance; it means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.  *Magallanes v. Bowen*, 881 F.2d 747, 750 (9th Cir. 1989).  If there is more than one rational interpretation, one of which supports the ALJ's decision, the Court must uphold that decision.  *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002).

Plaintiff argues the ALJ erred in (1) assessing certain medical evidence and opinions, (2)

ORDER RE: SOCIAL SECURITY
DISABILITY APPEAL
PAGE - 3

discounting his subjective symptom testimony, (3) discounting the lay statement, and (4) entering step-five findings.  The Commissioner argues that the ALJ's decision is supported by substantial evidence and should be affirmed.

Medical evidence

Plaintiff challenges the ALJ's assessment of various medical opinions, each of which the Court will address in turn.

Legal standards

In general, more weight should be given to the opinion of a treating doctor than to a non-treating doctor, and more weight to the opinion of an examining doctor than to a non-examining doctor.  *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1996).[2]  Where not contradicted by another doctor, a treating or examining doctor's opinion may be rejected only for "'clear and convincing'" reasons.  *Id*. (quoting *Baxter v. Sullivan*, 923 F.2d 1391, 1396 (9th Cir. 1991)). Where contradicted, a treating or examining doctor's opinion may not be rejected without "'specific and legitimate reasons' supported by substantial evidence in the record for so doing."  *Id*. at 830-31 (quoting *Murray v. Heckler*, 722 F.2d 499, 502 (9th Cir. 1983)).

Shawn Kenderdine, Ph.D.

Dr. Kenderdine examined Plaintiff in July 2016 and completed a DSHS form opinion describing his symptoms and limitations.  (AR 386-90.)  The ALJ gave great weight to Dr. Kenderdine's opinion because it was based on an examination and was consistent with Plaintiff's daily activities.  (AR 38.)

Plaintiff argues that the ALJ erred in crediting Dr. Kenderdine's opinion because it was

---

[2] Because Plaintiff filed disability applications prior to March 27, 2017, the regulations set forth in 20 C.F.R. § 404.1527 and § 416.927 apply to the ALJ's consideration of medical opinions.

ORDER RE: SOCIAL SECURITY
DISABILITY APPEAL
PAGE - 4

1  written seven months before the alleged onset date.  Dkt. 20 at 6.  In fact, the opinion was written

2  only one month before the alleged onset date, and Plaintiff has not pointed to any worsening of his

3  condition during that short period of time that would suggest that Dr. Kenderdine's opinion is not

4  relevant.

5      Plaintiff also argues that Dr. Kenderdine's opinion is more restrictive than the ALJ's RFC

6  assessment, and that the ALJ failed to explain why he did not fully account for Dr. Kenderdine's

7  opinion.  Dkt. 20 at 6.  Specifically, Plaintiff points to the several limitations that Dr. Kenderdine

8  rated as "moderate" in severity.  (*See* AR 388.)  Plaintiff has not shown that any of these

9  limitations, or any other symptoms noted by Dr. Kenderdine, are inconsistent with the ALJ's RFC

10  assessment, however, which contained significant cognitive and social restrictions.  (AR 37.)

11  Moreover, Dr. Kenderdine wrote that Plaintiff "does not report any significant psychiatric

12  [symptoms.]"  (AR 389.)  Plaintiff has not shown that the ALJ failed to fully account for Dr.

13  Kenderdine's opinion.  *See Turner v. Comm'r of Social Sec.*, 613 F.3d 1217, 1223 (9th Cir. 2010)

14  (ALJ incorporated opinions by assessing RFC limitations "entirely consistent" with limitations

15  assessed by physician).

16  <u>Daniel Pratt, Psy.D.</u>

17      Dr. Pratt examined Plaintiff in February 2017 and completed a DSHS form opinion

18  diagnosing him with cannabis abuse as the only impairment, and describing Plaintiff's symptoms

19  and limitations.  (AR 391-95.)  The ALJ found that Dr. Pratt's ratings of Plaintiff's limitations

20  were "an outlier as to severity" when compared to other medical opinions and inconsistent with

21  even Plaintiff's hearing testimony, and the ALJ also noted that "most other medical sources

22  diagnosed the claimant with other mental impairments in addition to cannabis abuse."  (AR 38-

23  39.)  For these reasons, the ALJ gave little weight to Dr. Pratt's opinion.  (*Id*.)

Plaintiff argues that Dr. Pratt diagnosed other conditions in addition to cannabis abuse, namely agoraphobia and borderline intellectual functioning.  Dkt. 20 at 7-8.  Plaintiff fails to acknowledge that those diagnoses were "rule-out" diagnoses, not conclusive diagnoses.  *See, e.g.*, *Blair v. Berryhill*, 2017 WL 3710843, at *5 (E.D. Wash. Jul. 31, 2017) ("Those 'rule out' diagnoses are inherently uncertain.  Indeed, because of their uncertainty, they are not really diagnoses at all.").

Plaintiff goes on to argue that the ALJ failed to explain the basis for his conclusion that Dr. Pratt's opinion was more severe than other opinions and testimony in the record (Dkt. 20 at 8), but this argument is not persuasive.  Dr. Pratt's opinion rated the majority of Plaintiff's limitations as "marked," whereas other opinions in the record did not.  (*Compare* AR 393 *with* AR 388, 494-95, 553.)  Plaintiff has not shown that the ALJ's finding is not supported by substantial evidence, and therefore has failed to establish error in the ALJ's reasons for discounting Dr. Pratt's opinion.  *See Tommasetti v. Astrue*, 533 F.3d 1035, 1041 (9th Cir. 2008) (not improper to reject an opinion presenting inconsistencies between the opinion and the medical record).

<u>Bryan Zolnikov, Ph.D.</u>

Dr. Zolnikov examined Plaintiff in May 2017 and completed a DSHS form opinion describing his symptoms and limitations.  (AR 493-96.)  Plaintiff did not disclose his daily marijuana use to Dr. Zolnikov, and the ALJ found that Dr. Zolnikov's failure to consider the role of marijuana in Plaintiff's functioning undermined the value of his opinion.  (AR 39.)  The ALJ found that Dr. Zolnikov's lack of access to longitudinal medical evidence of record also undermined his opinion.  (*Id.*)

Plaintiff argues that the ALJ erred in discounting Dr. Zolnikov's opinion based on the lack of consideration given to Plaintiff's marijuana usage, contending that if the ALJ believed that his

ORDER RE: SOCIAL SECURITY
DISABILITY APPEAL
PAGE - 6

1    marijuana use was a material contributor to his disability, then the ALJ erred in failing to engage

2    in the two-step process for evaluating drug abuse and alcoholism cases.  Dkt. 20 at 10.  But the

3    ALJ did not find that Plaintiff's marijuana use was a material contributor to his disability; the

4    ALJ's finding reasonably suggests that Dr. Zolnikov did not have access to the complete picture

5    of Plaintiff's functioning, given that he was not made aware of Plaintiff's daily use of marijuana.

6    This is a legitimate reason to discount Dr. Zolnikov's opinion, particularly in light of Dr. Pratt's

7    opinion (AR 392) suggesting that most of Plaintiff's symptoms could be influenced by his

8    marijuana use.  *See*, *e.g.*, *Oviatt v. Comm'r of Social Sec. Admin.*, 303 Fed. Appx. 519, 522 (9th

9    Cir. Dec. 16, 2008).  Plaintiff has not shown that the ALJ erred in discounting Dr. Zolnikov's

10   opinion.

11   Reviewing source opinions

12        The record contains multiple opinions rendered by non-examining sources who reviewed

13   portions of the record in reaching conclusions regarding Plaintiff's functioning.  (AR 168-83, 185-

14   200, 396-400, 550-54.)  The ALJ credited the State agency opinions, finding them consistent with

15   the record, and discounted the DSHS review opinions, finding them inconsistent with the record.

16   (AR 39-40.)

17        Plaintiff argues that because none of the reviewing sources reviewed the entire record

18   available to the ALJ, the ALJ erred in discounting the DSHS review opinions based on their lack

19   of full access to the records.  Dkt. 20 at 8.  But the ALJ's decision points to evidence undermining

20   the DSHS review opinions, which constitutes a sufficient basis to discount the opinions.

21   Specifically, the ALJ discounted the form opinion of Phyllis Sanchez, Ph.D., citing *inter alia* the

22   inconsistency within Dr. Sanchez's opinion, given that she found that Plaintiff's "mental status

23   examination and routines" suggested that he was functioning at a higher level than indicated in the

ratings section of her opinion.  (AR 396-99.)  The ALJ also noted that the form opinion of Melanie

Mitchell, Psy.D., was rendered after reviewing only the opinions of Drs. Kenderdine and Zolnikov

(AR 40), and the ALJ had properly discounted Dr. Zolnikov's opinion, as discussed *supra*.  These

are valid reasons to discount non-examining source opinions.  *See Sousa v. Callahan,* 143 F.3d

1240, 1244 (9th Cir. 1998) ("The Commissioner may reject the opinion of a non-examining

physician by reference to specific evidence in the medical record.").

Plaintiff argues that the ALJ erred in crediting the State agency consultant opinions because

those opinions are not consistent with the opinions of Drs. Kenderdine and Pratt, which the

consultants reviewed, and thus the State agency opinions are not supported by substantial evidence.

Dkt. 20 at 9-10, 12.  The State agency opinions cited other evidence as well, however, such as

treatment notes.  (*See* AR 172-73, 190.)  Plaintiff has not shown that the State agency opinions

were contradicted by all of the evidence in the record, and thus the ALJ did not err in crediting

them.  *See Andrews v. Shalala*, 53 F.3d 1035, 1041 (9th Cir. 1995).

<u>Subjective symptom testimony</u>

The ALJ discounted Plaintiff's subjective statements because: (1) the objective evidence

did not support the Plaintiff's allegations and the record contains many normal physical and mental

findings; (2) his criminal history may be impacting his employability; and (3) his activities involve

physical, mental, and social abilities that exceed his alleged limitations.  (AR 37-38.)

Plaintiff argues that these reasons are not clear and convincing, as required in the Ninth

Circuit.  *Burrell v. Colvin*, 775 F.3d 1133, 1136-37 (9th Cir. 2014).  Specifically, Plaintiff contends

that the ALJ's decision fails to acknowledge his chronic pain.  Dkt. 20 at 12-14.  Plaintiff fails to

acknowledge that the ALJ referenced Plaintiff's allegations of chronic pain when summarizing

Plaintiff's hearing testimony.  (AR 37.)

ORDER RE: SOCIAL SECURITY
DISABILITY APPEAL
PAGE - 8

Plaintiff goes on to argue that the activities referenced by the ALJ are insufficient to prove that Plaintiff can work.  Dkt. 20 at 13.  But the ALJ did not cite Plaintiff's activities as evidence that he can work: the ALJ cited Plaintiff's activities as those that "involve physical and mental and social abilities that exceed his allegations."  (AR 38.)

Furthermore, at least some of the activities cited by the ALJ are reasonably inconsistent with the limitations that the ALJ summarized.  Caring for his dogs and shopping for groceries reasonably requires more walking than Plaintiff claimed to be able to do.  (*See* AR 300 (Plaintiff reported ability to walk no more than one block).)  Plaintiff's friend also described building a fence with Plaintiff (AR 365), and this activity would reasonably require physical abilities that would exceed Plaintiff's self-report. (AR 300 (Plaintiff reports ability to lift 20 pounds)).  Fishing could be arguably inconsistent with Plaintiff's alleged chronic neck and back pain, but Plaintiff's nephew described the many physical accommodations that Plaintiff required in order to engage in fishing, and the ALJ did not address those accommodations or explain why he discounted them.  (*See* AR 362.)   Any error in relying on Plaintiff's fishing activities, however, is harmless in light of the other contradictory activities cited by the ALJ.  *See Carmickle v. Comm'r of Soc. Sec. Admin.*, 533 F.3d 1155, 1162-63 (9th Cir. 2008).

Plaintiff next challenges the ALJ's speculation that Plaintiff's unemployment was due in part to his criminal history.  Dkt. 20 at 13 n.6 (citing AR 38).  The ALJ asked Plaintiff about this issue at the administrative hearing, and Plaintiff denied that he had experienced problems getting hired due to his criminal history.  (AR 128-29.)  The ALJ's speculation is not supported by any evidence in the record.  This error is harmless, however, in light of the ALJ's unchallenged reasoning regarding the objective medical evidence and normal physical and mental examination findings, as well as the ALJ's finding that Plaintiff's activities were inconsistent with his

allegations.  *See Carmickle*, 533 F.3d at 1162-63.  Because the ALJ provided legally sufficient reasons to discount Plaintiff's alleged limitations caused by *inter alia* pain, Plaintiff has not shown that the ALJ erred in failing to account for his pain symptoms.

<u>Lay statements</u>

The record contains statements written by Plaintiff's friend and family members.  (AR 305-13, 360-65.)  The ALJ summarized Plaintiff's brother's statement and found it consistent with the RFC assessment and inconsistent with an allegation of disabling impairments.  (AR 40.)  The ALJ summarized Plaintiff's nephew's statement and found his description of Plaintiff's fishing activities to be inconsistent with allegations of debilitating physical limitations, and stated that the mental limitations Plaintiff's nephew described were accommodated in the RFC assessment.  (*Id.*)  Lastly, the ALJ summarized Plaintiff's friend's statement and found that it did not describe any specific vocational limitations.  (AR 41.)

An ALJ's reasons to discount a lay statement must be germane.  *See Dodrill v. Shalala*, 12 F.3d 915, 919 (9th Cir. 1993).  Plaintiff contends that the ALJ's reasons to discount the lay statements in this case fail to meet that standard.

First, as to Plaintiff's brother's statement, Plaintiff contends that the ALJ failed to explain why the statement was consistent with the RFC assessment.  Dkt. 20 at 15.  Plaintiff has not shown that the statement was reasonably inconsistent with the RFC assessment, and thus has failed to meet his burden to show error in the ALJ's decision.

Second, as to Plaintiff's nephew's statement, Plaintiff argues that although the ALJ emphasized Plaintiff's fishing activity, the ALJ failed to account for the accommodations that Plaintiff required in order to fish, as described in the nephew's statement. Dkt. 20 at 15.  Indeed, as the Court found *supra*, the ALJ erred in failing to explain why Plaintiff's nephew's description

of fishing was inconsistent with Plaintiff's alleged physical limitations.  This error is harmless, however, because to the extent that Plaintiff's nephew described physical limitations, those descriptions were consistent with Plaintiff's own self-reported limitations, which the ALJ properly discounted, as discussed *supra*.  Therefore, the ALJ's error with respect to Plaintiff's nephew's statement is harmless.  *See Valentine v. Comm'r of Social Sec. Admin.*, 574 F.3d 685, 694 (9th Cir. 2009) (because "the ALJ provided clear and convincing reasons for rejecting [the claimant's] own subjective complaints, and because [the lay witness's] testimony was similar to such complaints, it follows that the ALJ also gave germane reasons for rejecting [the lay witness's] testimony")).

Lastly, as to Plaintiff's friend's statement, Plaintiff argues that the ALJ erred in discounting the statement based on its lack of specific vocational limitations, because lay witnesses should not be expected to provide function-by-function assessments.  Dkt. 20 at 15.  That may be true, but Plaintiff's friend's statement does not describe Plaintiff's limitations with enough specificity to show that they are necessarily inconsistent with the ALJ's RFC assessment.  Plaintiff's friend opined that Plaintiff had trouble following instructions for building a fence and struggled to control his emotions with other people (AR 365), but the ALJ restricted Plaintiff to performing simple, repetitive tasks of 1-3 steps and imposed significant social restrictions on Plaintiff's work.  (AR 37.)  The ALJ's RFC assessment is therefore arguably consistent with the unquantified amount of difficulty Plaintiff's friend described him having with following instructions and controlling emotions.  Because Plaintiff's friend did not describe any limitations with specificity that would exceed the ALJ's RFC assessment, Plaintiff has failed to meet his burden to show harmful error in the ALJ's assessment of Plaintiff's friend's statement.

<u>Step five</u>

The ALJ bears the burden at step five to provide evidence demonstrating that "other work

ORDER RE: SOCIAL SECURITY
DISABILITY APPEAL
PAGE - 11

exists in significant numbers in the national economy that [a claimant] can do, given [her RFC] and vocational factors." 20 C.F.R. § 404.1560(c)(2). In so doing, "[a]n ALJ may take administrative notice of any reliable job information, including information provided by a VE." *Bayliss v. Barnhart*, 427 F.3d 1211, 1218 (9th Cir. 2005) (citing *Johnson v. Shalala*, 60 F.3d 1428, 1435 (9th Cir. 1995)). "A VE's recognized expertise provides the necessary foundation for his or her testimony." *Id.*

In this case, the VE identified three representative jobs that Plaintiff could perform: cleaner housekeeper, garment sorter, and binary machine feeder. (AR 42.) The VE also testified as to the job numbers available for those positions, but explained that the resource she was using to generate job numbers did not specify the job numbers by discrete job code per the Dictionary of Occupational Titles, but that the numbers she cited reflected a broader category of jobs that would be nonetheless consistent with the exertional level and the specific vocational preparation level referenced in the ALJ's hypothetical. (AR 132-40.) Plaintiff filed a post-hearing brief challenging the VE's testimony, which the ALJ overruled. (AR 42, 378.)

To the Court, Plaintiff renews his argument that because the job numbers cited by the VE do not pertain to the job title identified by the VE and relied upon by the ALJ, the Commissioner did not satisfy the burden of proving the existence of specific jobs that Plaintiff can perform that exist in significant numbers. Dkt. 20 at 17-18. This argument has been rejected by this and other courts in this district. *See, e.g.*, *Tambra J. v. Saul*, 2020 WL 3798939, at *6 (W.D. Wash. Jul. 7, 2020); *Houpt v. Berryhill*, 2018 WL 1062745, at *4 (W.D. Wash. Feb. 27, 2018), *amended on other grounds*, 2018 WL 3019002 (W.D. Wash. June 18, 2018); *Vandevoort v. Berryhill*, 2017 WL 413203, at *8 (W.D. Wash. Jan. 31, 2017). The Court agrees with the reasoning set forth in *Vandevoort*, that the VE's testimony regarding job numbers is consistent with the regulatory

1    requirements because the VE's testimony shows that Plaintiff can perform work available in "one
2    or more occupations" that exist in significant numbers in the national economy.  *See* 20 C.F.R. §
3    416.966(b) ("Work exists in the national economy when there is a significant number of jobs (in
4    one or more occupations) having requirements which you are able to meet with your physical and
5    mental abilities and vocational qualifications.").

6         Plaintiff also points to a declaration submitted to the Appeals Council contradicting the
7    VE's testimony at the hearing.  Dkt. 20 at 17-18 (citing AR 10-13).  This evidence does not
8    establish that the VE's testimony is unreliable: it relies on different sources to calculate job
9    numbers, but does not show that the VE's sources are unreliable.  (AR 10-13.)  Furthermore, even
10   the Appeals Council evidence indicates that at least one of the step-five jobs (cleaner housekeeper)
11   exists in significant numbers under the alternate methodology.  (AR 12.)  Thus, the Appeals
12   Council evidence fails to undermine the ALJ's decision and thus does not provide a basis for
13   remand.

14        For all of these reasons, the Court finds that the ALJ did not err in relying on the VE's
15   testimony at step five.

16                                **CONCLUSION**

17        For the reasons set forth above, this matter is AFFIRMED.

18        DATED this 21st day of August, 2020.

19

20                                          _____
                                            Mary Alice Theiler
21                                          United States Magistrate Judge

22

23

ORDER RE: SOCIAL SECURITY
DISABILITY APPEAL
PAGE - 13